■ GERALD FLYNN et al., Respondents, v NEW YORK LIFE INSURANCE COMPANY et al., Appellants, et al., Defendants.— Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants appeal from that part of an order which denied their motion to dismiss portions of plaintiffs' complaint on Statute of Limitations grounds. Insofar as appealed from, the order denied defendants' motion to dismiss causes of action for breach of contract, negligence and fraud relating to six life insurance policies purchased by plaintiffs between 1957 and 1971. Some of these policies have lapsed, while the remainder were still in existence at the time this action was commenced. Plaintiff commenced this action against New York Life in January 1985 and against Charles White in June 1985.

We conclude that plaintiffs' contract and negligence claims are time barred except as such claims relate to transactions that occurred within six years prior to commencement (CPLR 213 [2]; *see, Video Corp. v Flatto Assocs.,* 58 NY2d 1026, 1028). Plaintiffs allege a series of wrongful acts that occurred over the lives of the policies and that, in some cases, continued up

to and after the date of commencement. The wrongful acts allegedly perpetrated by defendants include their misapplication of "checkomatic" payments, and their payment of premiums on new policies by unauthorized loans against the cash values and accumulated dividends of policies in existence. We conclude that plaintiffs' contract and negligence claims against defendants are timely insofar as they relate to premium and loan transactions that occurred after January or June 1979, respectively. On the other hand, those claims are time barred and must be dismissed insofar as they relate to premium and loan transactions and policy lapses that occurred prior to those dates.

With respect to plaintiffs' fraud claim, triable questions of fact preclude a determination at this stage whether plaintiffs can be charged with discovery of the fraud more than two years prior to commencement (CPLR 203 [f]; 213 [8]). Thus, the court properly denied defendants' motion to dismiss plaintiffs' fraud claim. (Appeal from order of Supreme Court, Monroe County, Mastrella, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.